UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CALEB A. TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:19-cv-00481 |
| OFFICERS AT SUMNER CO. JAIL, et al., | ) ) ) ) | Judge Trauger |
| Defendants. | ) ) | |

**MEMORANDUM**

Caleb Taylor, an inmate at the Sumner County Jail in Gallatin, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed in this court without prepaying fees and costs (Doc. No. 2).

**I.      Application to Proceed as a Pauper**

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's *in forma pauperis* application that he cannot pay the full filing fee in advance, the application (Doc. No. 2) will be granted. The $350.00 filing fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b)(1).

**II.      Initial Review**

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court must also construe a *pro se* complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007)), and accept a *pro se* plaintiff's factual allegations as true unless they are entirely without credibility, *see Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

The plaintiff names sixteen defendants. (Doc. No. 1 at 1–6.) Some of the defendants' names are spelled inconsistently throughout the complaint, and so the court will spell each defendant's name as it first appears in the complaint to maintain clarity. The court has grouped similar defendants together as follows: "Officer's at Sumner Co. Jail" (Doc. No. 1 at 1); Lieutenant Lesiley Bean and Sergeant Cockron (*id.* at 4); Specialist Pettey[1] (*id.* at 5); eleven Officers—Palmer, Williams, Killmen, Blake, Drown, Petterson, Farris, Pinner, Shove, Prophett, and Gregory (*id.* at 2–3, 5–6); and Nurse Bree (*id.* at 6).

The plaintiff alleges that, at 5:30 p.m. on May 19, 2019, fourteen jail officials entered his cell, including all the individual defendants except for Nurse Bree. (*Id.* at 8.) Four officers—Pinner, Williams, Blake, and Farris—slammed the plaintiff onto the concrete floor, causing two cuts on his elbow. (*Id.*) These four officers then handcuffed the plaintiff behind his back. (*Id.*) At that point, all fourteen jail officials "started kicking [the plaintiff] in the ribs and back," breaking two of the plaintiff's ribs on the right side. (*Id.*)

The plaintiff was placed in a restraint chair and Officer Killmen choked him, leaving "choke marks" on the right side of his neck. (*Id.*) The plaintiff was barely able to tell Killmen he could not breath, and Killmen told the plaintiff to "shut up." (*Id.*) The plaintiff "almost passed out." (*Id.*) At that point, Officer Blake kicked the plaintiff in the stomach, causing severe stomach

---

[1] The plaintiff first refers to this defendant as "Pettey Bitch." (Doc. No. 1 at 5.) This language is inappropriate and unacceptable. The plaintiff is warned that he must refrain from using profanity to refer to opposing parties going forward.

2

pain. (*Id.*) Afterwards, the plaintiff asked Nurse Bree for medical treatment, and she refused. (*Id.*) The plaintiff requests monetary damages from each defendant. (*Id.* at 9.)

**B.      Standard of Review**

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**C.      Discussion**

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

**1.      Dismissal of "Officer's at Sumner Co. Jail"**

The plaintiff lists "Officer's at Sumner Co. Jail" as a defendant in the caption of the complaint (Doc. No. 1 at 1), but a collection of employees at a correctional facility, considered as a group, is not a "person" for the purpose of Section 1983. *See Hix v. Tenn. Dep't of Corr.*, 196 F.

3

App'x 350, 356 (6th Cir. 2006) (holding that prison "medical departments are not 'persons' under § 1983"). The same is true of Sumner County Jail. *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that a prison facility "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983").

Even if the court construed the naming of this defendant as an attempt to impose liability on Sumner County itself, the plaintiff would still fail to state a claim. For the plaintiff to state a claim against a municipality like Sumner County, he must allege that he "suffered a constitutional violation" and that Sumner County had a "policy or custom [that] directly cause[d] the violation." *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). Here, the plaintiff does not allege that the jail officials' allegedly unconstitutional conduct was the result of a policy or custom of Sumner County. The plaintiff, accordingly, fails to state a claim against Sumner County, and "Officer's at Sumner Co. Jail" will be dismissed as a defendant.

### 2. Excessive Force

The plaintiff alleges that the following fourteen defendants used excessive force against him on May 19, 2019: Lieutenant Lesiley Bean, Sergeant Cockron, Specialist Pettey, and Officers Palmer, Williams, Killmen, Blake, Drown, Petterson, Farris, Pinner, Shove, Prophett, and Gregory. (Doc. No. 1 at 8.)

The plaintiff is a convicted prisoner. (Doc. No. 1 at 7.) The Eighth Amendment protects prisoners from "cruel and unusual punishment," which includes the right to be free from excessive force by prison officials. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013) (citing *Whitley v. Albers*, 475 U.S. 312, 318–22 (1986)). This claim has objective and subjective components. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (citing *Santiago v. Ringle*, 734 F.3d 585,

4

590 (6th Cir. 2013)). For the objective component, a plaintiff must demonstrate that a prison official inflicted pain that was "sufficiently serious" based on "contemporary standards of decency." *Id.* at 585 (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). The subjective component requires the court to consider whether the force applied by a prison official was "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 580 (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Here, the plaintiff alleges that the fourteen jail officials listed above entered his cell, and then Officers Pinner, Willims, Blake, and Farris slammed him onto the concrete floor. After these four officers handcuffed the plaintiff behind his back, all fourteen jail officials "started kicking [the plaintiff] in the ribs and back," breaking two of the plaintiff's ribs on the right side. Officer Killmen then choked the plaintiff while he was in a restraint chair, and, after the plaintiff "almost passed out," Officer Blake kicked him in the stomach. The plaintiff sustained "choke marks" on his neck and severe stomach pain.

Liberally construing the complaint and accepting the plaintiff's allegations as true, as required at this stage in the proceeding, the court concludes that the plaintiff has stated an excessive force claim against all fourteen defendants named in this claim. The plaintiff specifically explains how five named officers participated in this incident—Pinner, Willims, Blake, Farris, and Killmen. And although the allegation is sparse, the plaintiff also explains how the other nine defendants participated in this incident by alleging that "all [fourteen]" jail officials kicked him in the ribs and back while he was lying on the ground with his arms handcuffed behind his back. (Doc. No. 1 at 8.) Thus, the court will not dismiss the plaintiff's excessive force claim against these fourteen defendants at this juncture.

### 3. Inadequate Medical Care

The plaintiff also alleges that, after this incident of excessive force, he asked Nurse Bree for medical treatment and she refused. The Eighth Amendment imposes a duty on prison officials to provide adequate medical care to convicted prisoners. *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736–37 (6th Cir. 2015) (citing *Estelle*, 429 U.S. at 103). Thus, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Darrah v. Krishner*, 865 F.3d 361, 367 (6th Cir. 2017) (quoting *Estelle*, 429 U.S. at 105). "A constitutional claim for deliberate indifference contains both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Dominguez*, 555 F.3d at 550 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Here, the injuries allegedly sustained by the plaintiff—including broken ribs—are medical needs sufficiently serious to satisfy the objective component. Taking the plaintiff's allegations as true, he also satisfies the subjective component of this claim against Nurse Bree. That is, the plaintiff alleges that Nurse Bree was aware of his medical needs but deliberately disregarded them by denying treatment. The court therefore concludes that the plaintiff has stated a claim against Nurse Bree for deliberate indifference to his serious medical needs.

## III. Conclusion

For these reasons, the court concludes that the plaintiff has stated an excessive force claim against the following fourteen defendants: Lieutenant Lesiley Bean, Sergeant Cockron, Specialist

Pettey, and Officers Palmer, Willims, Killmen, Blake, Drown, Petterson, Farris, Pinner, Shove, Prophett, and Gregory. The plaintiff has also stated a claim against Nurse Bree for deliberate indifference to his serious medical needs. These claims will be referred to the Magistrate Judge for further proceedings consistent with the accompanying order, and all other claims and defendants will be dismissed.

ALETA A. TRAUGER
United States District Judge